# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

DANIEL L. WILLIAMS,

    Plaintiff,

v.

WARDEN JOSE MORALES; GOVERNOR NATHAN DEAL; DAVID MILTON; and NURSE BURKE,

    Defendants.

CIVIL ACTION NO.: 4:18-cv-25

## O R D E R

After a careful *de novo* review of the entire record, the Court concurs with the Magistrate Judge's January 10, 2019 Report and Recommendation, (doc. 25), to which Plaintiff filed Objections, (doc. 28). For the reasons set forth below, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Report and Recommendation as the opinion of the Court. The Court **GRANTS** Plaintiff's Motion to Amend his Complaint. (Doc. 29.) However, those amendments do not remedy the fatal deficiencies in Plaintiff's Complaint noted by the Magistrate Judge. Consequently, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint. The Court also **DENIES** Plaintiff's request to appoint counsel. Finally, the Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

The Magistrate Judge recommended dismissal because Williams has alleged, at most, medical negligence. Negligence, however — even gross negligence — does not suffice to state a claim under 42 U.S.C. § 1983. (Doc. 25 at 5 (explaining that a one-week delays in radiological imaging of an 'apparently benign' injury and "bad medical advice do[ ] not a constitutional claim

make" under § 1983).)

In his Motion to Amend, Plaintiff seeks to name additional Defendants in his Complaint. (Doc. 29.) Under Federal Rule of Civil Procedure 15(a), a party may amend a complaint "once as a matter of course at any time before a responsive pleading is served." The Eleventh Circuit has made clear that the Prison Litigation Reform Act ("PLRA") does not change this right to amend. Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("We agree with the majority of circuits that the PLRA does not preclude the district court from granting a motion to amend. Nothing in the language of the PLRA repeals Rule 15(a). Because [plaintiff] filed his motion to amend before the district court dismissed his complaint and before any responsive pleadings were filed, [plaintiff] had the right to amend his complaint under Rule 15(a)."). Accordingly, the fact that the Court has already conducted a frivolity review of Plaintiff's Complaint and issued a Report and Recommendation does not alter Plaintiff's ability to amend. Id. However, Plaintiff has already amended his Complaint with leave of the Court. (Doc. 21.) Therefore, he does not have a right to amend. Nonetheless, the Court will consider Plaintiff's proposed amendment in his recent Motion. However, having done so, the Court does not find that the addition of the additional defendants named in the Motion to Amend does not alter the analysis of the Magistrate Judge.

In his Objections, Williams explains that Nurse Burke, and others, failed to meet their "duty of care" as providers (as defined by, perhaps, the medical community or state practice guidelines). (Doc. 28 at 4.) But he misapprehends the R&R. *Even if* providers were negligent in their provision of "bad medical advice," that would not be enough. There is no *federal* medical malpractice claim. Williams can, and necessarily must, bring any state law claims for medical malpractice and negligence in *state* court. (*See id.* at 6.) This Court is simply the wrong forum for the relief he seeks, and the Court's sympathy for his serious spinal condition cannot invoke its

2

jurisdiction.  His request to amend his Complaint and compel discovery in furtherance of that request (doc. 29) does not cure this deficiency.  In other words, allowing Plaintiff to amend his Complaint would be futile as Plaintiff does not explain how he would remedy the deficiencies in his Complaint noted by the Magistrate Judge.  , and thus must be **DENIED**.

Williams also asks the Court to appoint counsel to assist him with this case.  (Doc. 28 at 5 & 29 at 2.)  In this civil case, however, plaintiff has no constitutional right to the appointment of counsel.  *Wright v. Langford*, 562 F. App'x 769, 777 (11th Cir. 2014) (citing *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)).  "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances."  *Wright*, 562 F. App'x at 777 (citing *Bass*, 170 F.3d at 1320).  Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987), and *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help."  *McDaniels v. Lee*, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).  A review of the record and pleadings in this case reveals no such "exceptional circumstances" warranting the appointment of counsel.

Though plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while

incarcerated." *Hampton v. Peeples*, 2015 WL 4112435 at *2 (S.D. Ga. July 7, 2015). "Indeed, the Eleventh Circuit has consistently upheld district courts' decisions to refuse appointment of counsel in 42 U.S.C. § 1983 actions similar to this case for want of exceptional circumstances." *Id.* (citing *Smith v. Warden*, Hardee Corr. Inst., 597 F. App'x 1027, 1030 (11th Cir. 2015); *Wright*, 562 F. App'x at 777; *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 702 (11th Cir. 2013); *McDaniels,* 405 F. App'x at 457; *Sims v. Nguyen*, 403 F. App'x 410, 414 (11th Cir. 2010); *Fowler*, 899 F.2d at 1091, 1096; *Wahl*, 773 F.2d at 1174). This case is not so complex, legally or factually, as to prevent plaintiff from presenting "the essential merits of his position" to the Court. His request for appointment of counsel is **DENIED**.

**SO ORDERED**, this 21st day of March, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA